IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAG R. KECKLER, | ) | CASE NO. 3:08 CV 170 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MARC DANN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Tag R. Keckler for a petition of habeas corpus under 28 U.S.C. § 2254.  Keckler is incarcerated at the Noble Correctional Institution serving a 5-year sentence for endangering children, such sentence imposed after his 2003 guilty plea in Wyandot County, Ohio, Common Pleas Court.[2]

Keckler asserts two grounds for relief, contending that he was denied the effective assistance of trial counsel and that an illegal sentence was imposed upon him.[3]  In response, the State argues that Keckler's petition was not timely filed under the one-year statute of limitations of 28 U.S.C. § 2244(d).[4]  Further, the State contends that even if Keckler's petition was not time barred, it should be dismissed because Keckler did not exhaust his

---

[1] ECF # 1.

[2] *Id.*

[3] *Id.* at 2.

[4] ECF # 12 at 4.

claims in state court.[5]  Lastly, the State maintains, in the alternative, that Keckler's claims

are without merit.[6]

  For the reasons that follow, I recommend finding that Keckler's petition was not

timely filed under the one-year statute of limitations of 28 U.S.C. § 2244(d) and so should

be dismissed as timed barred.

## Statement of the Facts and Course of Proceedings

**A.**  **Underlying facts and state trial**

  According to Keckler's confession,[7] he left for work on a Saturday evening.  The next

morning, his daughter, a diabetic, informed him that she was having headaches and stomach

pains.  Keckler admitted that he knew that such symptoms were from high blood sugar

associated with his daughter's diabetes.  Nonetheless, that evening Keckler left his daughter

to spend time with some friends.  He claims that when he left she was napping.  Keckler did

not return to his home until 1:30 or 2:30 a.m. Monday morning.  Upon returning to his home,

he fell asleep.  When he awoke, he found his daughter dead from complications associated

with her diabetes.

  On November 23, 2005, Keckler was indicted on three counts stemming from the

death of his daughter; specifically, two counts of involuntary manslaughter plus one count

---

  [5] *Id.* at 11.

  [6] *Id.*

  [7] *Id.*, Attachment at 14 (transcript of judgment entry for Tag R. Keckler in Wyandot
County Common Pleas Court Case No. CR05-0094).

of endangering children.[8]  Under the plea agreement, Keckler later pled guilty to the single count of endangering children,[9] while the state dismissed counts one and two of the indictment.

At the August 16, 2006, sentencing hearing,[10] the trial court initially took note of Keckler's past criminal history, the fact that he was charged with drunk driving during the days between the guilty plea and the sentencing, and the lack of remorse that he showed at the plea hearing and sentencing.  Based on these factors, the judge then imposed the maximum sentence of five years in prison.

**B.     Direct appeal**

Keckler did not timely appeal his conviction.  Instead, on September 26, 2007, more than one year after his August, 2006 sentencing, Keckler filed a *pro se* motion for delayed appeal.[11]  In response, the Court of Appeals for Wyandot County in November, 2007 denied Keckler leave to appeal.. The state court specifically found, based on the sworn affidavit of

---

[8] *Id.*, Attachment at 1 (State Exhibit 1) (Indictment of Tag R. Keckler in Wyandot County Court of Common Pleas Case No. CR05-0094).

[9] *Id.*, Attachment at 4 (State Exhibit 3) (Plea of Guilty by Tag R. Keckler in Wyandot County Court of Common Pleas Case No. CR05-0094).

[10] *Id.*, Attachment at 12 (State Exhibit 5) (transcript of judgment entry for Tag R. Keckler in Wyandot County Common Pleas Court Case No. CR05-0094).

[11] *Id.*, Attachment at 18 (Appellant Exhibit 1).

Keckler's trial counsel that he was not retained by Keckler to serve as appellate counsel, that Keckler had failed to offer sufficient reason for his failure to timely file a notice of appeal.[12]

The State notes that although Keckler has attached to his petition a hand-written notice of appeal to the Supreme Court of Ohio from the appellate court decision denying him leave to file a delayed appeal, the records of the Ohio Supreme Court do not show any such notice was filed.[13]

**C.      Federal habeas petition**

On January 18, 2008, Keckler, *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 asserting the following two grounds for relief:

Ground One: Violation of 28 U.S.C. § 2254(d)(2).

Supporting Facts:  Ineffective assistance of counsel and illegal sentence. Pursuant to section four of the AEDPA, 28 U.S.C. § 2254(b)(2) the state court decision resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in court proceedings.

Ground Two: Violation of 28 U.S.C. § 2254(d)(1).

Supporting Facts: Ineffective assistance of counsel and illegal sentence pursuant top section four of the AEDPA 28 U.S.C. § 2254(d)(1) the Ohio courts denial of Petitioners claims resulted in a decision that was contrary to or involved an unreasonable application of clearly established law as determined by the U.S. Supreme Court.[14]

---

[12] *Id.*, Attachment at 66 (State Exhibit 10) (Journal Entry Wyandot County Court of Appeals Third District Case No. 21337).

[13] *Id.*, at 3.

[14] ECF # 1 at 6.

-4-

The State filed a return of the writ,[15] essentially arguing that Keckler's petition was not timely filed under the one-year statute of limitations of 28 U.S.C. § 2254(d).[16]  The State further contends that even if this court were to find that Keckler's petition was not time barred, Keckler's claims in grounds one and two are unexhausted as he has not sought review before the Supreme Court through a motion for delayed appeal.[17]

Keckler did not respond with a traverse.

## Discussion

**A.      Standard of review – statute of limitations/habeas relief**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[18] established a one-year period of limitation for habeas petitions filed by persons in custody under the judgment of a state court.[19]  By statute, that limitations period runs from the latest of the following events:

(a)      the date on which the judgment against the petitioner became final, *i.e*, the date on which the time for seeking direct review expired;

(b)      the date on which any impediment to filing a federal habeas application was removed by the state;

---

[15] ECF # 12.

[16] *Id.* at 4.

[17] *Id.* at 11.

[18] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[19] 28 U.S.C. § 2254(d).

(c)     the date on which a newly enacted constitutional right was created and made retroactive to cases on collateral review; or

(d)     the date on which the factual predicate of the claim or claims presented could have been discovered by due diligence.[20]

This federal limitations period may be statutorily tolled, however, during this one-year time period.  Specifically, the statute provides that the time during which a "properly filed" application for post-conviction relief is pending in state court shall not count against the one-year limitations period.[21]  However, as is well-settled, where a state post-conviction petition was not timely filed as a matter of state law, that motion is not "properly filed" for purposes of federal statutory tolling and so does not toll the one-year limitations period.[22]  In addition, even a properly filed motion for state post-conviction relief does not serve to restart a one-year limitations period if that period has already expired.[23]

Further,  the statute of limitations is not jurisdictional.[24]  Moreover, because the limitations statute is not jurisdictional, the limitations period may be subject to equitable

---

[20] *Id*., at § 2244(d)(1)(A)-(D).

[21] 28 U.S.C. § 2244(d)(2).

[22] *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005).

[23] *See*, *Waldron v. Jackson*, 348 F. Supp. 2d 877, 883 (N.D. Ohio 2004).

[24] *Day v. McDonough*, 547 U.S. 198, 205 (2006).

tolling.[25]  It is the petitioner that has the burden of persuading the court that he is entitled to equitable tolling.[26]

**B.     Application of standard – Keckler's petition was not timely filed and so should be dismissed.**

Here, Keckler's conviction became final as a matter of Ohio law 30 days after he was sentenced because Keckler did not file an appeal of his conviction or sentence to the Wyandot County Court of Appeals within that time.[27]  As noted, Keckler was sentenced on August 18, 2006, such that he was required by Ohio law to file a timely appeal by September 17, 2006.  His failure to do so meant that, for purposes of the one-year federal habeas limitations period, Keckler had one year from September 17, 2006, to timely file a federal petition for a writ of habeas corpus.

However, as of September 17, 2007, neither a petition for habeas corpus nor any petition for state post-conviction relief had been filed so as to either conform to the limitations period or toll the clock.  Thus, on that date, the federal habeas limitations period expired as to Keckler.

After the limitations period expired, on September 26, 2007, Keckler filed a motion for leave to file delayed appeal in the Ohio court of appeals.[28]  While Keckler dated this

---

[25] *Lawrence v. Florida*, 549 U.S. 327, 335 n.3 (2007) (assuming without deciding that equitable tolling is available in habeas cases).

[26] *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).

[27] *Lucas v. Carter*, 46 F. Supp. 2d 709 (N.D. Ohio 1999).

[28] ECF # 12, Attachment at 18 (Appellant Exhibit 1).

motion August 31, 2007, it was not actually filed in the Wyandot County Court of Appeals until September 26, 2007.[29]  Because the State of Ohio does not recognize the mailbox rule,[30] the date on which the filing actually occurred is the relevant date for purposes of the federal habeas statute-of-limitations calculation.[31]  Had such motion been properly filed during the one-year time period, it would have tolled the clock until a ruling had been made on that motion.[32]  However, as the one-year time limit had already passed, there was no tolling of the clock, which had already expired, and the untimely filing did not serve to cause the limitations period to run anew.[33]

Thus, I recommend finding that Keckler's petition for federal habeas relief was not timely filed nor was the limitations period statutorily tolled.

Moreover, even if this Court were to construe Keckler's petition[34] as stating a claim for equitable tolling, I recommend finding that he has not established an entitlement to such

---

[29] *Id.*

[30] *State ex. rel. Tyler v. Alexander*, 52 Ohio St. 3d 84, 555 N.E.2d 966 (1990).

[31] *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003).

[32] *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2008).

[33] *Id*.

[34] Keckler is proceeding *pro se* and *pro se* petitions are to be construed leniently, *see*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

relief.[35]   Any such claim of equitable tolling must rest on the argument that his trial attorney

bears the blame for the failure to file a timely direct appeal, which would have prevented the

statute of limitations clock from beginning to run.  The state court of appeals, however, found

as a matter of fact that Keckler did not hire his trial counsel to represent him on appeal.[36]

This Court must presume that factual finding correct.[37]  No factual basis exists, therefore, to

support Keckler's equitable tolling claim.

## Conclusion

For the foregoing reasons, I recommend that the petition for a writ of habeas corpus

filed by Tag Keckler be dismissed as time barred.


Dated:   August 6, 2009                                  s/ William H. Baughman, Jr.
                                                         United States Magistrate Judge

---

[35] While the Supreme Court in *Lawrence*, 549 U.S. at 336  has suggested that equitable tolling may be established by a relatively simple two-prong test, this Circuit, even after *Lawrence*, has continued to employ the five-part test annunciated in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988), to determine if equitable tolling applies.  *See*, *Graham v. Bagley*, No. 3-07-cv-1313, 2009 WL 983007, at *2 (N.D. Ohio April 13, 2009).   I recommend finding that Keckler's failure to establish a right to equitable tolling is present under either test.

[36] ECF # 12, Attachment at 66.

[37] *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

-9-

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[38]

---

[38] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).