```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                        :
TAG R. KECKLER,                         :
                                        :   CASE NO. 3:08-CV-170
           Petitioner,                  :
                                        :
v.                                      :   OPINION & ORDER
                                        :   [Resolving Doc. Nos. 1, 12, & 13.]
MARC DANN, et al.                       :
                                        :
           Respondents.                 :
                                        :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 18, 2008, *pro se* Petitioner Tag R. Keckler filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] With his petition, Keckler seeks relief from the five-year sentence that an Ohio state court imposed following his guilty plea to one count of endangering children. [*Id.*]

Keckler advances two arguments to support his petition. [*Id.* at 5, 7.] First, he says that the Ohio state court's sentence was illegal. [*Id.*] Second, he contends that his trial counsel was ineffective. [*Id.*]

The State of Ohio opposes Keckler's motion. [Doc. 12.] First, the State argues that Keckler's petition is time-barred because he failed to file his petition within 28 U.S.C. § 2244(d)'s one-year statute of limitations. [*Id.* at 4-11.] Second, the State argues that Keckler failed to exhaust his claims in state court. [*Id.* at 11-13.] Finally, the State argues that Keckler's claims are meritless. [*Id.* at 13-15.]

Case No. 3:08-CV-170
Gwin, J.

On August 6, 2009, Magistrate Judge William H. Baughman, Jr. filed a Report and Recommendation that recommended the Court deny Keckler's § 2254 petition as time-barred. [Doc. 13.] The Magistrate Judge found that Keckler's sentence became final as a matter of Ohio law on September 17, 2006 because he failed to appeal within 30 days of his sentencing on August 18, 2006. [*Id.* at 7.] As a result, under 28 U.S.C. § 2244's one-year limitations period, Keckler had until September 17, 2007 to file his federal habeas petition. [*Id.*] Keckler did not, however, file this petition until January 18, 2008. [Doc. 1 at 1.]

Moreover, the Magistrate Judge found that Keckler could not avail himself of statutory or equitable tolling of § 2244's limitations period. [Doc. 13 at 7-9.] The Magistrate Judge held that statutory tolling was unavailable because Keckler did not file his motion for leave to file a delayed appeal until September 26, 2007, after § 2244's limitations period had run.[1] [*Id.* at 7-8.] The Magistrate Judge also found that Keckler failed to show any factual basis for equitable tolling. [*Id.* at 8-9.]

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which a party has objected. 28 U.S.C. § 636(b)(1)(C). A party must file any objections to a Report and Recommendation within ten days of service. *Id.* Failure to object within this time waives the party's right to appeal the magistrate judge's recommendation. Fed. R. Civ. P. 72(a); *see also Thomas v. Arn*, 474 U.S. 140, 145

---

[1] Although Petitioner dated his motion August 31, 2007, the Ohio appellate court did not receive it until September 26, 2007. [Doc. 12, Ex. 6.] Ohio law deems the date of a motion's receipt–not mailing–to be the date of filing. *See State ex rel. Tyler v. Alexander*, 555 N.E.2d 966, 967-68 (Ohio 1990); *see also Vroman v. Brigano*, 346 F.3d 598, 603-04 (6th Cir. 2003). Thus, Petitioner filed his motion too late to toll § 2244's limitations period. Moreover, a motion for state post-conviction relief cannot resurrect § 2244's limitations period once it has expired. *See, e.g.*, *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Case No. 3:08-CV-170
Gwin, J.

(1985); *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005). Absent objection, a district court may adopt the magistrate's report without review. See *Thomas*, 474 U.S. at 149. In any event, having conducted its own review of the parties' briefs on the issue, the Court agrees with the conclusions of the Magistrate Judge.

Accordingly, the Court **ADOPTS** in whole Magistrate Judge Baughman's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court thus **DENIES** Petitioner Keckler's § 2254 petition. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that Petitioner could not take an appeal from this decision in good faith, and no basis exists on which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Dated: August 25, 2009　　　　　　　　　s/　　*James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE